State of Louisiana v. Carro.

## No. 4032.

### STATE OF LOUISIANA *v.* FRANK CARRO.

26 377
47 1590

The objection that the proceeding by information against the defendant was illegal on the ground that it was violative of the fifth article of the Constitution of the United States which declares—"That no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury," is not well taken. The provisions of the Constitution of the United States in relation to trials by jury apply only to the Federal courts.

The charge in the indictment that the defendant did feloniously and violently seize, take and carry away, etc., "the sum of one hundred dollars in paper currency of the United States of America, of the goods, property and chattels of," etc., is sufficient. It is a substantial compliance with the provisions of the statute. Revised Statutes, section 1061.

The objection that the name of one C. R. Schaffer is indorsed on the verdict as foreman of the jury, when it does not appear elsewhere that a man of that name served upon the jury, is without weight. The name of C. A. Schaffer appears on the list of jurors who sat on the trial. The discrepancy in the letter of the middle name is clearly a clerical error.

APPEAL from the First District Court, parish of Orleans. *Abell,* J. Criminal case. *Simeon Belden,* for the State. *A. G. Semmes,* for defendant and appellant.

TALIAFERRO, J. The defendant appeals from a judgment sentencing him to four years imprisonment at hard labor in the penitentiary for the crime of robbery. The case came up on an assignment of errors. These are alleged to be :

*First*—Being tried upon an information filed by the District Attorney, on the charge of robbery, a crime deemed infamous in law, the proceeding against him was illegal in this, that it was violative of the fifth article of the Constitution of the United States, which declares that " no person shall be held to answer for a capital or otherwise infamous crime unless on a presentment or indictment of a grand jury."

*Second*—The charge that defendant violently seized, took and carried away from the person of John Tujuque " the sum of one hundred dollars in paper currency of the United States of America, of the goods, property and chattels of the said John Tujuque," etc., is defective and void in this, that there is no averment of the value of the currency, because currency *per se* is not susceptible of larceny under the laws of Louisiana.

*Third*—The name of one " Chs. Schaffer " is indorsed upon the verdict as foreman of the jury, when it does not appear elsewhere that a man of that name served upon the jury.

I. The provisions of the Constitution of the United States relative to trials by jury applies only to the Federal courts. 2 Kent Com. p. 13.

II. The statute provides in such a case that " it shall be sufficient to describe such money or bank note simply as money, without specifying any particular coin or bank note, and such allegation, as far as regards the description of the property, shall be sustained by proof of

State of Louisiana v. Carro.

any amount of coin or any bank note," etc. The indictment charges that the defendant did feloniously and violently seize, take and carry away, etc., "the sum of one hundred dollars in paper currency of the United States of America, of the goods, property and chattels," etc. We think this a substantial compliance with the provisions of the statute. Revised Statutes, section 1061.

III. This objection is without weight. The indorsement is " C. R. Schaffer, foreman." That name appears upon the list of jurors impanneled to serve at the April term, 1872, the term at which the defendant was tried. The name, C. A. Schaffer, appears upon the list of jurors who sat upon the trial. The discrepancy in the letter of the middle name is clearly a clerical error.

It is ordered that the judgment of the court a qua be affirmed.